UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| PAULINE A. BRADY, et al., ) | Lead Case: 4:18-cv-01440-JAR |
| ) | |
| Debtors, ) | Consolidated Cases: |
| ) | *In re Long*, 4:18-cv-01441-JAR |
| ) | *In re Beard*, 4:18-cv-01442-JAR |
| ROSS H. BRIGGS ) | *In re Moore*, 4:18-cv-01443-JAR |
| ) | *In re Logan*, 4:18-cv-01444-JAR |
| Appellant, ) | *In re Stewart*, 4:18-cv-01445-JAR |
| ) | *In re Shields*, 4:18-cv-01446-JAR |
| v. ) | |
| ) | |
| HON. CHARLES E. RENDLEN III,[1] ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM AND ORDER**

In this case, the Court entered its Memorandum & Order and Judgment on September 26, 2019 thereafter the case was closed. Now before the Court is Appellant Ross Briggs's motion to reconsider and his corrected motion to reconsider. (Doc. Nos. 33, 34). For the following reasons, the Court will deny the motions.

Appellant cites to no Federal Rule in support of the motions, and in fact, the Federal Rules of Civil Procedure do not provide for motions for reconsideration. *Level 3 Comm., LLC v. Illinois Bell Telephone Co.*, 2019 WL 316569 at *3 (E. D. Mo. Jan. 24, 2019). However, a district court has the authority to reconsider a non-final order under Fed. R. Civ. P. 54(b), as well as "inherent

---

[1] When referencing Judge Rendlen in his capacity as Appellee, the Court will refer to said party as "Appellee." Otherwise, when referencing actions taken in the Bankruptcy Court proceedings, the Court will either refer directly to Judge Rendlen or to the Bankruptcy Court.

1

power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Level 3 Comm.* (quoting *K. C. 1986 Ltd. P'ship Reade Mfg.,* 472 F.3d 1009, 1017 (8th Cir. 2007)).

Here, Briggs argues that the Court did not give him the opportunity to present oral argument or submit additional evidence in support of his appeal. He files as an exhibit an Order dated August 5, 2014, in which another bankruptcy court judge directed Briggs to transfer certain funds to James Robinson. Briggs argues that Judge Rendlen improperly cited this transfer of funds as evidence of wrongdoing without considering that the transfer was the result of a court order. Briggs maintains that he should have been given the opportunity to fully obtain and present this and other evidence before the Court ruled on his appeal.

From the outset, the Court notes that although oral argument is granted under many circumstances, it was unnecessary in this case. The record was lengthy and complete, and the parties fully briefed the issues pertinent for the Court's consideration. Thus, the lack of a formal hearing and oral argument in this case does not provide a basis for reconsidering the Court's September 26, 2019 Order.

Moreover, the Court concludes that the August 5, 2014 Order is not a proper basis for a motion for reconsideration. "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.,* 791 F.3d 915, 923 (8th Cir. 2015) (citation omitted). Nor may a motion for reconsideration serve to introduce evidence that the movant could have produced before the district court decided the prior motion. *Id.* A district court does not abuse its discretion in denying a motion for reconsideration used for such an "impermissible purpose." *Id.*

Upon review of the entire record, the Court is not persuaded that Briggs had no ability—at any level—to demonstrate that the transfer of funds was proper and required by Bankruptcy Court order. To the contrary, Briggs had ample opportunity to bring the August 5, 2014 Order to the attention of Judge Rendlen. Similarly, Briggs could have included the August 5, 2014 as an exhibit to his briefing on appeal. However, Briggs chose not to do so, and the record reflects that he never requested leave to supplement his appeal with additional evidence.

Moreover, Briggs does not claim that he was unaware of the August 5, 2014 Order when he filed his appeal, nor does he contend that it constitutes newly-discovered evidence. In fact, the August 5, 2014 Order has been known to Briggs since it was entered, and he could have raised arguments pertaining to the Order with Judge Rendlen and on appeal. Briggs chose not to do so, and he cannot do so now.[2]

In any event, even if the Court were to consider the August 5, 2014 Order, Briggs failed to satisfy the "heavy burden of proof" to overcome the presumption of Judge Rendlen's impartiality. Based upon a review of the evidence presented in this matter, the Court concludes that the Bankruptcy Court did not err when it denied Briggs's motion to disqualify. Accordingly, the motions to reconsider the Court's September 26, 2019 Order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant Ross Briggs's motions to reconsider (Doc. Nos. 33, 34) are **DENIED**.

Dated this 21st day of October, 2019.

---

[2] The Court notes that Briggs did provide evidence that he practiced before two other Bankruptcy Court judges "without incident," and this was considered by the Court when ruling on Briggs's appeal. ECF No. 30 at 7.

3

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE